## In re COAST RANGE LUMBER CO.

(District Court, D. Oregon. July 6, 1926.)

No. 8837.

1. **Bankruptcy** ⬤�➝328—**Disallowance of claim for attorney's fees, filed after notice of hearing on trustee's final report was mailed, held not abuse of discretion (General Order XLII, § 2).**

Under General Order XLII, § 2, where bankrupt's attorneys filed claim for attorney's fees after trustee had filed final report and notice of hearing thereon had been mailed to creditors, *held*, that it was within referee's discretion whether to appoint special hearing for determining whether petition should be allowed, and his order disallowing the claim as being filed too late was not an abuse of discretion.

2. **Bankruptcy** ⬤�➝366—**Return day under notice to creditors of hearing on trustee's final report should be at least 15 days after filing of report (Bankruptcy Act, §§ 47a [8], 55f, 58a [6], being Comp. St. §§ 9631, 9639, 9642).**

Bankruptcy Act, §§ 47a (8), 55f, and 58a (6), being Comp. St. §§ 9631, 9639, 9642, should be construed together, and return day under notice to creditors of hearing on trustee's final report and account should be at least 15 days after the filing of such report and account.

In Bankruptcy. In the matter of the Coast Range Lumber Company, bankrupt. On petition of Platt, Platt, Fales & Smith, to review an order of the referee disallowing their claim for attorney's fees. Affirmed.

Platt, Platt, Fales & Smith, of Portland, Or., for petitioners.

Wm. B. Layton and N. Ray Alber, both of Portland, Or., for trustee.

WOLVERTON, District Judge. [1] This matter is here on review from the referee in bankruptcy. The record shows that the trustee filed his final report April 2, 1926. Notices were at once mailed to the creditors, advising that a hearing would be held respecting the report April 14, 1926. On April 7th, Platt, Platt, Fales & Smith, who were attorneys for the bankrupt, filed their claim for attorney's fees in the sum of $250. When the matter came on for hearing, the allowance of the fee was refused, on the ground that it would set a bad precedent; it being necessary, in order to accomplish the purpose, to set a new date for hearing and again to notify the creditors.

Under General Order XLII, the attorney seeking allowance of compensation from the bankrupt estate for services rendered is required to file with the referee a petition under oath, setting forth a detailed statement of the services and the amount thereof, which petition must contain a negation of certain specified facts not necessary to state here. In the absence of such petition and affidavit, "no allowance of compensation shall be made." Section 2 provides that "such petition shall be heard at a meeting of creditors; and the referee in sending the notices of such meeting prescribed by section 58 of the Bankruptcy Act, shall state by whom and in what amount the allowance of the compensation is asked."

The final report and account of the referee having been filed, it was proper for the referee to issue notices to the creditors, fixing the date of final hearing upon such report. If claimants' petition had been filed at or before the rendering of the report, we must assume that proper note thereof would have been comprised in the notices to creditors, and all would have been heard and disposed of at such final hearing, for which the creditors' meeting was called. The whole controversy is therefore resolved into the question whether petitioners were in time with their petition.

Adjudication was had August 22, 1925, and the estate had since been pending. The services for which the claim is sought were rendered early in the proceedings, and no reasons appear, from the record sent up, to have been assigned for delay in presenting the petition. In my judgment, it was matter of discretion with the referee whether he should appoint a special hearing, with notice to the creditors thereof, for determining whether the petition should be allowed. He having exercised that discretion, and the court now finding that there was no abuse of such discretion, the order made disallowing the claim must be affirmed.

That a supplemental report was made by the trustee at or before the hearing presented no obstacle to concluding the estate. Nor does it help petitioners that the hearing was appointed less than 15 days subsequent to the time of filing the final report of the doings of the trustee. Their petition was not in any event filed in time.

[2] To correct the practice, however, it is my view that sections 47a (8), 55f and 58a (6), being Comp. St. §§ 9631, 9639, 9642, should be construed together, and that the return day under the notice to creditors on hearing of the trustee's final report and account should be at least 15 days after the filing of such report and account. Collier on Bankruptcy (11th Ed.) 833.